IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **RECONSIDER DETENTION ORDER AND** |
| vs. | ) | **SETTING CONDITIONS OF RELEASE** |
| | ) | |
| Ladonte Chester Bryant, | ) | Case No. 1:21-cr-109 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in a petition with violating his conditions of supervised release. (Doc. No. 40). Following preliminary and detention hearings on December 15, 2025, the court ordered him detained. (Doc. No. 59).

On December 22, 2025, Defendant filed a Motion to Reconsider Detention Order. (Doc. No. 60). He advises that he secured a placement at Providence House's inpatient treatment facility in Arnegard, North Dakota. Further advising that Providence House will arrange for his transport, he requests to be released on January 12, 2026, so that he can travel to Providence House and begin treatment.

The court, in consultation with the Probation Office, is inclined to release Defendant to Providence House. The availability of such a placement is new information that has material bearing on the issue of detention. Moreover, court is persuaded that such a placement will reasonably assure Defendant's sober appearance at future proceedings and the safety of the community.

Accordingly, the court **GRANTS** Defendant's motion. (Doc. No. 60). Defendant shall be released to Providence House staff on January 12, 2026, for transport to Providence House's inpatient treatment facility in Arnegard, North Dakota. In addition to his existing conditions of

supervised release, Defendant shall comply with the following additional conditions:

(1) Defendant shall reside at Providence House, fully participate in its programming, and comply with all of its rules and regulations.

(2) Defendant must sign all release forms to allow the Probation Officer to obtain information from Providence House, OR to communicate with Providence House staff about his progress there.

If for any reason Defendant is terminated from Providence House, he must immediately surrender to the custody of the United States Marshal.

(3) At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Probation Officer of his anticipated completion date so the court may schedule a hearing to review Defendant's release status.

(4) If Defendant successfully completes the treatment program, the Probation Officer may approve Defendant's transition to an appropriate sober living home.

If Defendant cannot be transported to Providence House as anticipated on January 12, 2026, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court